BRENDA H. ENTZMINGER
Nevada Bar No. 9800
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendants*
*Wal-Mart Stores, Inc. and*
*Walmart Neighborhood Market*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SUSIE MCCABE,

                          Plaintiff,

v.

WAL-MART STORES, INC, WAL-MART
NEIGHBORHOOD MARKET, DOE
MAINTENANCE EMPLOYEE, DOE
EMPLOYEE, DOE JANITORIAL
EMPLOYEE, DOE OWNER, I-V, ROE
OWNERS, ROE EMPLOYER, and ROE
COMPANIES.

                          Defendants.

CASE NO: 2:14-cv-01987-JAD-CWH

**AMENDED JOINT PRETRIAL
ORDER**

Following pretrial proceedings in this cause,

IT IS ORDERED:

**I.**

This is an action for:

      The underlying lawsuit pertains to an alleged slip and fall incident which occurred on

November 4, 2012 at a Walmart Grocery store in Las Vegas, NV. *See* McCabe Complaint, Dkt. No. 1.

As a result of this incident, Plaintiff Susie McCabe alleges she was injured.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.**

Statement of Jurisdiction:

On December 16, 2014, this case was removed to Federal Court pursuant to 28 U.S.C. 1332, 1441(a), and 1466(a) based upon diversity jurisdiction. Defendant Wal-Mart is a Delaware corporation with its principal place of business in the State of Arkansas and is therefore a citizen of the Stte of Delaware and the State of Arkansas.

**III.**

The following facts are admitted by the parties and require no proof:

1.      On November 4, 2012, SUSIE MCCABE was a patron of Wal-Mart Neighborhood Store located at 1400 S. Lamb Blvd., Las Vegas NV 89104.

**IV.**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

1.  None

**V.**

The following are the issues of fact to be tried and determined upon trial. Should counsel be unable to agree upon the statement of issues of fact or law, the joint pretrial order should include separate statements of issues of fact or law to be tried and determined upon trial. (Each issue of fact must be stated separately and in specific terms.):

**1.**  Whether Defendant was negligent.;

**2.**  Whether Plaintiff was comparatively negligent.

**3.**  Whether ;

The reasonable value of the damages incurred to Plaintiff

4.   Whether the medical care and treatment received by Plaintiff was reasonable and necessary as a result of the subject incident. <u>Whether the medical care and treatment received by Plaintiff was causally related to the incident concerned in this litigation.</u>

**5.  VI.**

The following are the issues of law to be tried and determined upon trial:

1.   The amount of negligence, if any, attributable to each party in this litigation.

2.   Whether the subject incident was the proximate cause of the medical care, treatment and other damages alleged by Plaintiff.

**VII.**

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

(b) 1) Plaintiff's exhibits: None.

(c) 2) Defendant's exhibits: None.

Plaintiff's List of Exhibits that will be offered in evidence:

1.  Plaintiff's Filed Complaint;

101. Medical and billing records from Advanced Occupational Health Records for Plaintiff, SUSIE MCCABE;

102. Medical and billing records from Nevada Spine Clinic for Plaintiff, SUSIE MCCABE;

103. Additional medical and billing records from Diagnostic Imaging of Southern Nevada for Plaintiff, SUSIE MCCABE;

104. Medical and billing records from Las Vegas Radiology for Plaintiff, SUSIE MCCABE;

105. Medical and billing records from Valley Hospital Medical Center for Plaintiff, SUSIE MCCABE;

106. Medical and billing records from Western Regional Center for Brain & Spine Surgery for Plaintiff, SUSIE MCCABE;

107. Medical and billing records from Well Care Pharmacy for Plaintiff, SUSIE MCCABE;

108. Medical and billing records from David Ross, M.D. for Plaintiff, SUSIE MCCABE;

109. Medical report and estimate of future medical expenses from Dr. Stuart Kaplan, M.D. for Plaintiff, SUSIE MCCABE;

110. Billing records from Goetz Do LLC for Plaintiff, SUSIE MCCABE;

111. Walmart's Customer Statement by Plaintiff, SUSIE MCCABE;

112. Curriculum Vitae, Fee Schedule and Testimony List of Mark Kabins, M.D.;

113. Independent Medical Examination/Comprehensive Medicolegal Assessment report dated May 18, 2015 of Mark Kabins, M.D., regarding Plaintiff, SUSIE MCCABE;

114. Additional medical and billing records from Valley Hospital Medical Center for Plaintiff, SUSIE MCCABE;

115. Comprehensive Medical Records Review report dated June 1, 2015 of Mark Kabins, M.D., regarding Plaintiff, SUSIE MCCABE;

116. Curriculum Vitae, Fee Schedule and Testimony List of Mark Kabins, M.D.;

117. Curriculum Vitae & Fee Schedule of Joseph T. Crouse, Ph.D.;

118. Medical Care Cost Summary report dated June 2, 2015 of Joseph T. Crouse, Ph.D., regarding Plaintiff, SUSIE MCCABE;

119. Curriculum Vitae, Fee Schedule and Testimony of Stuart S. Kaplan, M.D., regarding Plaintiff, SUSIE MCCABE;

120. Medical Records Review report dated June 4, 2015 of Stuart S. Kaplan, M.D., regarding Plaintiff, SUSIE MCCABE;

121. Curriculum Vitae, Fee Schedule and Testimony List of Frank A. Perez, Ph.D.;

122. Preliminary Report dated July 3, 2015 for Plaintiff, SUSIE MCCABE by Frank A. Perez, Ph.D.;

123. Curriculum Vitae, Fee Schedule and Testimony List of Hans Jorge Rosler, M.D.;

124. First Addendum to Comprehensive Medical Record Review report dated June 30, 2015 of Mark Kabins, M.D., regarding Plaintiff, SUSIE MCCABE;

125. Medical records from Las Vegas Paiute Health & Human Services for Plaintiff, SUSIE MCCABE;

126. Additional medical and billing records from Western Regional Center for Brain & Spine Surgery for Plaintiff, SUSIE MCCABE;

127. Rebuttal Report dated August 2, 2015 of Mark Kabins, M.D., regarding Plaintiff, SUSIE MCCABE;

128. Rebuttal Report dated August 2, 2015 of Stuart S. Kaplan, M.D., regarding Plaintiff, SUSIE MCCABE;

129. Deposition transcript of Susie McCabe taken June 9, 2015;

130. Deposition transcript of Herbert McCabe taken August 3, 2015;

131. Deposition transcript of Naomi McCabe taken August 3, 2015;

132. Deposition transcript of Stuart S. Kaplan, M.D., taken August 7, 2015;

133. Deposition transcript of Hans Jorg Rosler, M.D., taken August 11, 2015;

134. Deposition transcript of Michael Reid, M.D., taken August 20, 2015;

135. Deposition transcript of Steven L. McIntire, M.D., taken August 19, 2015;

136. Deposition transcript of Joseph T. Crouse, Ph.D., taken August 27, 2015;

137. Deposition transcript of Juan Sanchez taken August 28, 2015;

138. Deposition transcript of James Sanders, Jr., taken August 28, 2015;

139. Supplemental Preliminary Report dated September 9, 2015 for Plaintiff, SUSIE MCCABE by Frank A. Perez, Ph.D.;

140. Deposition transcript of Frank A. Perez, Ph.D., taken September 9, 2015;


All exhibits listed by any other party to this litigation.

All documents identified during discovery in this litigation.

1    All pleadings filed in the case

2    All responses to any Interrogatories and/or Request for Admissions by any Defendant in this

3    litigation.

4    All depositions including exhibits

5    Rebuttal and/or impeachment documents.

6    Plaintiff reserves the right to supplement this list as the discovery process continues.

7

8    Defendant's List of Exhibits that will be offered in evidence:

9    A. Store Incident Report, dated November 4, 2012 WM 2014-25851-0002 through WM

10   2014-025851-0003;

11   B.     Customer Statement of Susie McCabe, dated November 4, 2012 WM 2014-25851-

12   0001;

13   C. Walmart policies and procedures on closing as of date of incident; WM 2014-030530-

14   0126 through -0141; WM 2014-030530-0146 through -0148; WM 2014-030530-0174; WM

15   2014-030530-0185 through -0241; WM 2014-030530-0273 through -0274; WM 2014-

16   030530-0284 through -0285; WM 2014-030530-0292 through -0294; WM 2014-030530-

17   0299 through -0300; WM 2014-030530-0311 through -0313; WM 2014-030530-0316

18   through -0317; WM 2014-030530-0356 through -0359; WM 2014-030530-0380 through -

19   0383; WM 2014-030530-0388 through -0390; WM 2014-030530-0396 through -0397; WM

20   2014-030530-0400 through -0402; WM 2014-030530-0430 through -0431; WM 2014-

21   030530-0437 through -0438; WM 2014-030530-0447 through -0448; WM 2014-030530-

22   0450 through -0452; WM 2014-030530-0461 through -0517; WM 2014-030530-0693

through -0694; WM 2014-030530-0699 through -0704; WM 2014-030530-0712 through -0713; WM 2014-030530-0719 through -0721; WM 2014-030530-0725;

D. Walmart policies and procedures on Customer Incident Claims Process as of date of incident; WM 2014-30530-0746 through WM 2014-30530-076;

E. Walmart structural repair scope of work WM-30530-0763-WM-30530-0766

F. any and all medical records and billings disclosed and/or produced by Plaintiff

G. Dr. McIntire's reports,

H. Dr. McIntire's *curriculum vitae*,

I. Dr. McIntire's testimony list,

J. Dr. McIntire's publication list

K. Dr. Mcintire's fee schedules

L. Dr. McIntire's record review Dated May 1, 2015,

M. Dr. McIntire's IME Report dated June 16, 2015

N. Dr. McIntire's supplemental report dated September 2, 2015

　　　P. Dr. Reid's reports dated May 12, 2015 and June 16, 2015,

Q. Dr. Reid's *curriculum vitae*,

R. Dr. Reid's testimony list,

S. Dr. Reid's publication list

T. Dr. Reid's fee schedules

U. Any and all Rule 26(a) disclosures, supplements thereto and discovery responses produced by Plaintiff in this litigation.

　　　The parties reserve the right to use documents/materials not listed herein for impeachment purposes.

(d) As to the following additional exhibits the parties have reached the stipulations stated:

   (1) Set forth stipulations as to Plaintiff's exhibits.

   None[1]

   (2) Set forth stipulations as to Defendant's exhibits.

   None.   Defendant does not stipulate that the medical treatments and bills are reasonable, customary, and causally related to Plaintiff's injuries at issue.

(e) As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

1) Objections to Plaintiff's exhibits as follows:

2) NOS. 1, 109-124, 127-128, 139: FRE 702,802,901, 403

3) NOS. 101-108,110,114,125-126: FRE: 802,901,403

4) NOS.129-128 140: FRE: 802,901, 403

5) Further, Defendant reserves the right to object to Plaintiff's exhibits up to the time of trial based upon the following grounds, including but not limited to" the fact that the documents are not relevant, are unfairly prejudicial, are not identified with particularity, contain hearsay, lack of foundation, are speculative, are unduly prejudicial, and not disclosed during the normal course of discovery.

(f) Depositions:

   (1) Plaintiff will offer the following depositions:

      (a) Steven L. McIntire, M.D.

      (b) Michael H. Reid, Ph.D.

---

[1] The parties each filed motions seeking to limit or preclude certain exhibits. Thus, no stipulation at this time has been reached, but this list will need to be amended pursuant to the orders from the Court on the pending motions.

(c) James Sanders Jr.

(d) Juan Sanchez

(e) Frank Perez, Ph.D.

(f) Mary Homan

(g) Norika Johnson

(h) Shawna Murolo – depo pending for 11/30/15

(2) Defendant will offer the following depositions:

Defendant does not intend to read any depositions at this time, but reserves the right to use depositions due to  deponent unavailability, to refresh recollection and/or impeach deposed witnesses.

(g) Objections to Depositions:

(1) Defendant objects to Plaintiff's depositions as follows:  Defendant objects to Plaintiff's proposed use of deposition transcripts as indicated above except for permissible use such as witness unavailability, to refresh recollection, or for impeachment and to any objections raised at the time of deposition.

(2) Plaintiff objects to Defendant's depositions as follows: None.

## VIII.

The following joint witnesses may be called by the parties upon trial:

PLAINTIFF'S WITNESSES

1.      SUSIE MCCABE, Plaintiff
c/o MORRIS ANDERSON
716 S. Jones Blvd.
Las Vegas, Nevada 89107

SUSIE MCCABE is the Plaintiff in this action and is expected to provide testimony as to the facts and circumstances surrounding this incident and the injuries and treatment she received.

2.      PMK of WAL-MART SUPERCENTER
dba WAL-MART STORES, INC.

c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

PMK of WAL-MART SUPERCENTER is a Defendant in this action and is expected to provide testimony as to the facts and circumstances surrounding this incident

3.    WAL-MART EMPLOYEE, JUAN SANCHEZ
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

JUAN SANCHEZ was the assistant manager on site at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

4.    WAL-MART EMPLOYEE, PAUL ANGELOTTI
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

PAUL ANGELOTTI was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

5.    WAL-MART EMPLOYEE, DAVID BOLLINGER
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

DAVID BOLLINGER was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

6.    WAL-MART EMPLOYEE, JAMES BROWN
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

JAMES BROWN was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

7.    WAL-MART EMPLOYEE, ANTONIO CARRILLO

c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

ANTONIO CARRILLO was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

8.      WAL-MART EMPLOYEE, JAMES CROSS
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

JAMES CROSS was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

9.      WAL-MART EMPLOYEE, ZULEMA DE LA PAZ
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

ZULEMA DE LA PAZ was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

10.     WAL-MART EMPLOYEE, JAMES DIFRANCISCO
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

JAMES DIFRANCISCO was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

11.     WAL-MART EMPLOYEE, REBECCA DIXON
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

REBECCA DIXON was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

12.     WAL-MART EMPLOYEE, HOLLY DOUANGPRACHANH

c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

HOLLY DOUANGPRACHANH was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

13.    WAL-MART EMPLOYEE, KATHLEEN DUPREE
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

KATHLEEN DUPREE was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

14.    WAL-MART EMPLOYEE, JEFFREYSON ESMENA
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

JEFFREYSON ESMENA was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

15.    WAL-MART EMPLOYEE, JESSICA FLORES-NAJERA
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

JESSICA FLORES-NAJERA was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

16.    WAL-MART EMPLOYEE, CHANNEL FULTZ
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

CHANNEL FULTZ was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

17.    WAL-MART EMPLOYEE, RAMON GONZALEZ

c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

RAMON GONZALEZ was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

18.    WAL-MART EMPLOYEE, SONIA GONZALEZ
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

SONIA GONZALEZ was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

19.    WAL-MART EMPLOYEE, ARTHUR GRAY
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

ARTHUR GRAY was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

20.    WAL-MART EMPLOYEE, KATHY HAFF
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

KATHY HAFF was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

21.    WAL-MART EMPLOYEE, SAMUEL HARRIS
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

SAMUEL HARRIS was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

22.    WAL-MART EMPLOYEE, MARY HAYES

c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

MARY HAYES was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

23.     WAL-MART EMPLOYEE, MARY HOMAN
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

MARY HOMAN was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

24.     WAL-MART EMPLOYEE, KYLE IRWIN
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

KYLE IRWIN was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

25.     WAL-MART EMPLOYEE, NORIKO JOHNSON
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

NORIKO JOHNSON was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

26.     WAL-MART EMPLOYEE, CARMEN LUCERO
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

CARMEN LUCERO was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

27.     WAL-MART EMPLOYEE, JOSE MENDEZ

c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

JOSE MENDEZ was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

28.     WAL-MART EMPLOYEE, SHAWNA MUROLO
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

SHAWNA MUROLO was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

29.     WAL-MART EMPLOYEE, MERANNDA PERALTA
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

MERRANDA PERALTA was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

30.     WAL-MART EMPLOYEE, RICHARD PENCKNEY, III
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

RICHARD PINCKNEY, III was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

31.     WAL-MART EMPLOYEE, ZACHARY PREMACK
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

ZACHARY PREMACK was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

32.     WAL-MART EMPLOYEE, DENCY RANGEL

c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

DENCY RANGEL was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

33.   WAL-MART EMPLOYEE, SHELLEY RAUB
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

SHELLEY RAUB was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

34.   WAL-MART EMPLOYEE, TOMMY RENAUD
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

TOMMY RENAUD was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

35.   WAL-MART EMPLOYEE, GABRIEL RIDEOUT
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

GABRIEL RIDEOUT was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

36.   WAL-MART EMPLOYEE, ANTHONY RODRIGUEZ
c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

ANTHONY RODRIGUEZ was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

37.   WAL-MART EMPLOYEE, GEORGE SCHEIBERT

c/o  Phillips, Spallas, Angstadt, LLC
504 South Ninth Street
Las Vegas, NV 89101

GEORGE SCHEIBERT was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

38.     WAL-MART EMPLOYEE, DALLAS SCOTT
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

DALLAS SCOTT was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

39.     WAL-MART EMPLOYEE, TAHIYYAH SHAKIR-JEMMOTT
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

TAHIYYAH SHAKIR-JEMMOTT was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

40.     WAL-MART EMPLOYEE, DALE SIMMONS
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

DALE SIMMONS was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

41.     WAL-MART EMPLOYEE, JAMIE SMITH
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

JAMIE SMITH was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

42.     WAL-MART EMPLOYEE, JASON SPROUT
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

JASON SPROUT was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

43.     WAL-MART EMPLOYEE, JAMES STRINGER
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

JAMES STRINGER was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

44.     WAL-MART EMPLOYEE, GWENDOLYN TURNER
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

GWENDOLYN TURNER was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

45.     WAL-MART EMPLOYEE, WILLIAMS WHITE
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

WILLIAMS WHITE was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

46.     WAL-MART EMPLOYEE, ASHLEY WILLIAMS
        c/o  Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

ASHLEY WILLIAMS was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

47.     WAL-MART EMPLOYEE, KEIYANNA WILSON
        c/o Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

KEIYANNA WILSON was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

48.     WAL-MART EMPLOYEE, MARIBEL ZAPEDA
        c/o Phillips, Spallas, Angstadt, LLC
        504 South Ninth Street
        Las Vegas, NV 89101

MARIBEL ZAPEDA was an employee at the time of the incident and is a witness who is expected to provide testimony as to the facts and circumstances surrounding this incident.

49.     Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Advanced Occupational Health Center
        3375 S. Eastern Avenue, Suite 160
        Las Vegas, NV 89169

50.     Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Diagnostic Imaging of Southern Nevada
        3560 E. Flamingo Road, #100
        Las Vegas, Nevada 89121

51.     Person(s) Most Knowledgeable and/or
        Custodian of Records of
        Las Vegas Radiology
        1342 S. Decatur Blvd.
        Las Vegas, Nevada 89102

52.     Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Hans Jorg Rosler, M.D.
        Nevada Spine Clinic
        8930 W. Sunset Rd., Suite 350
        Las Vegas, NV 89148

53.     Person(s) Most Knowledgeable and/or

Custodian of Records of
Smoke Ranch Surgical Center
7180 Smoke Ranch Road, Suite 150
Las Vegas, NV 89128

54.     Person(s) Most Knowledgeable and/or
Custodian of Records of
Well Care Pharmacy
3910 S. Maryland Parkway, Suite C
Las Vegas, NV 89119

55.     Person(s) Most Knowledgeable and/or
Custodian of Records of
Valley Hospital Medical Center
620 Shadow Lane
Las Vegas, NV 89106

56.     Person(s) Most Knowledgeable and/or
Custodian of Records and/or
Stuart Kaplan, M.D.
Western Regional Center for Brain and Spine
7140 Smoke Ranch Rd.
Las Vegas, NV 89128

57.     Person(s) Most Knowledgeable and/or
Custodian of Records and/or
David M. Ross, M.D.
7140 Smoke Ranch Road
Las Vegas, NV 89128

58.     Person(s) Most Knowledgeable and/or
Custodian of Records and/or
Mark Kabins, M.D.
Las Vegas Neurosurgery, Orthopaedics and Rehabilitation, LLP
501 S. Rancho Drive, Ste. I-67
Las Vegas, Nevada 89106

59.     Person(s) Most Knowledgeable and/or
Custodian of Records and/or
Joseph T. Course, Ph.D.
Vocational Economics, Inc.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169

60.     Person(s) Most Knowledgeable and/or
Stuart S. Kaplan, M.D., F.A.C.S.

Western Regional Center for Brain & Spine Surgery of Las Vegas
3601 S. Maryland Parkway, Ste. 200
Las Vegas, Nevada 89109

61.   Person(s) Most Knowledgeable and/or
      Las Vegas Paiute Health & Human Services
      1257 Paiute Circle
      Las Vegas, Nevada 89106

62.   Mark Kabins, M.D.
      Las Vegas Neurosurgery, Orthopaedics and Rehabilitation, LLP
      501 S. Rancho Drive, Ste. I-67
      Las Vegas, Nevada 89106

Dr. Kabins will testify as to his review of Plaintiff SUSIE MCCABE's medical records, examination of Plaintiff SUSIE MCCABE, diagnostic studies, opinions regarding Plaintiff SUSIE MCCABE's past medical care and/or treatment, and his opinions regarding Plaintiff SUSIE MCCABE's potential need for future care and/or treatment, including the treatment and medical reasonableness of other medical providers.  He will also provide opinions regarding the causation of Plaintiff's injuries and the necessity and reasonableness of Plaintiff SUSIE MCCABE's past and future medical needs and the expenses of the same.  Dr. Kabins will also testify regarding the nature and extent of Plaintiff SUSIE MCCABE's permanent injuries and the restrictions these permanent injuries place on Plaintiff SUSIE MCCABE's daily living and as to the cause of Plaintiff SUSIE MCCABE's surgery.

63.   Stuart S. Kaplan, M.D., F.A.C.S.
      Western Regional Center for Brain & Spine Surgery of Las Vegas
      3601 S. Maryland Parkway, Ste. 200
      Las Vegas, Nevada 89109

Dr. Kaplan will testify as to his review of Plaintiff SUSIE MCCABE's medical records, examination of Plaintiff SUSIE MCCABE, diagnostic studies, opinions regarding Plaintiff SUSIE MCCABE's past medical care and/or treatment, and his opinions regarding Plaintiff SUSIE MCCABE's potential need for future care and/or treatment, including the treatment and medical reasonableness of other medical providers.  He will also provide opinions regarding the causation of

Plaintiff's injuries and the necessity and reasonableness of Plaintiff SUSIE MCCABE's past and future medical needs and the expenses of the same.  Dr. Kaplan will also testify regarding the nature and extent of Plaintiff SUSIE MCCABE's permanent injuries and the restrictions these permanent injuries place on Plaintiff SUSIE MCCABE's daily living and as to the cause of Plaintiff SUSIE MCCABE's surgery.

64.    Joseph T. Crouse, Ph.D.
       Vocational Economics, Inc.
       3960 Howard Hughes Pkwy, Ste. 500
       Las Vegas, Nevada 89169

Mr. Crouse will testify as a retained economic and vocational rehabilitation expert as to his review of Plaintiff SUSIE MCCABE's medical records, examination of Plaintiff SUSIE MCCABE, diagnostic studies, opinions regarding Plaintiff SUSIE MCCABE's past medical care and/or treatment, and his opinions regarding Plaintiff SUSIE MCCABE's potential need for future care and/or treatment, and the cost of that treatment brought to present value.

65.    Frank A. Perez, Ph.D.
       Boster, Kobayashi & Associates
       59 Rickenbacker Circle
       P.O. Box 2049
       Livermore, California 94551

Dr. Perez will testify as a retained human factors expert as to his review of photographs of the subject crane collar, incident reports, and other information pertaining to the subject incident. Dr. Perez is expected testify as to the foreseeability of the subject incident, and the human factors involved in the subject incident.

TREATING MEDICAL EXPERTS

Plaintiff also designates Plaintiff SUSIE MCCABE's treating physicians in this case as expert witnesses in this case insofar as they will provide opinion testimony regarding the cause, nature, and extent of Plaintiff SUSIE MCCABE's injuries, the reasonableness and necessity of medical treatment,

the reasonableness of the cost of Plaintiff SUSIE MCCABE's treatment, the likelihood for future treatment, if any, and cost of said treatment, and any permanent disability Plaintiff SUSIE MCCABE is likely to suffer as a result of her injuries.  Plaintiff SUSIE MCCABE has previously disclosed the names of her treating doctors and their records and reports, and incorporates said production herein by reference, but lists them again as follows:

66.     Hans Jorg Rosler, M.D.
        Previously with NEVADA SPINE CLINIC
        8930 W. Sunset Rd., Suite 350
        Las Vegas, NV 89148
        Currently at INTERVENTIONAL PAIN & SPINE INSTITUTE
        851 S. Rampart Blvd., Suite 100
        Las Vegas, NV 89145

Hans Jorg Rosler, M.D. has rendered medical treatment to Plaintiff for her accident related injuries and will serve as a treating medical expert. He will testify regarding the reasonable and necessity of such care and the charges associated therewith, his clinical findings and diagnostic impressions, his care and treatment, his prognosis regarding Plaintiff's medical conditions and the limitations Plaintiff's medical conditions impose upon Plaintiff's occupational and living activities.

In addition, Hans Jorg Rosler, M.D. is expected to give expert opinion testimony regarding the nature, extent and cause of Plaintiff's injuries; the reasonable future medical care that has been necessitated by the subject accident; the amount, reasonableness and necessity of future medical treatment caused by Plaintiff's accident related injuries, including lifetime medical surgical, rehabilitative and associated medical expenses; the charges for past and future medical care as being customary for physicians and/or health care providers in the Las Vegas Medical community; the nature, extend and manner in which Plaintiff's accident related injuries have affected his ability to continue to perform her current occupations and activities of daily living; and the nature extend and manner in which Plaintiff's accident related injuries have diminished Plaintiff's work life expectancy and restrict her future daily living activities.

In rendering his expert opinions, Hans Jorg Rosler, M.D. will rely on his findings through diagnosis and treatment of Plaintiff, including his own records and notes and any records from other physicians or diagnostic studies that Hans Jorg Rosler, M.D. may have considered to assist in his diagnosis and/or treatment. Additionally, in order to defend his treatment and/or diagnosis and/or opinions, including those related to causation, Hans Jorg Rosler, M.D. has and/or will review the records of other physicians that have treated Plaintiff for injuries sustained in the subject accident, as well as reports from Defendants' experts, and other case evidence including deposition testimony.

While not required pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby designates his treating physicians in this case as expert witnesses insofar as they will provide opinion testimony regarding the cause, nature and extent of Plaintiff's injuries, the reasonableness and necessity of his medical treatment, the reasonableness and customary nature of the cost of Plaintiff's treatment, the likelihood Plaintiff will require future treatment, the cost of any said treatment, and the permanent disability Plaintiff has suffered and will suffer in the future as a result of his injuries sustained as a result of the subject-incident.   Plaintiff has previously disclosed the names of his treating doctors and their respective records and reports and incorporates said production herein by reference.

Plaintiff hereby incorporate all expert witness lists propounded by the Defendant reserving the right to call on them during his case in chief during the trial of this matter and reserves the right to call rebuttal witnesses to any expert witness called by the Defendant at time of trial.   Plaintiff also reserves the right to name any other witness as may be necessary for the purpose of rebuttal and/or impeachment.

Plaintiff further reserves the right to name additional witnesses should they become known.

DEFENDANT'S WITNESSES

     1.     SUSIE MCCABE, Plaintiff
              c/o MORRIS ANDERSON
              716 S. Jones Blvd.
              Las Vegas, Nevada 89107

SUSIE MCCABE is the Plaintiff in this action and is expected to provide testimony as to the facts and circumstances surrounding this incident and the injuries and treatment she received.

2.  PLAINTIFF SUZY MCCABE (address and telephone number known to Plaintiff) is expected to testify regarding the facts and circumstances surrounding Plaintiff's alleged incident on November 4, 2012;

3. Plaintiff's treatment providers;

4. Plaintiff's employers

5.  JUAN SANCHEZ (c/o Phillips Spallas & Angstadt) is expected to testify regarding the facts and circumstances surrounding Plaintiff's alleged incident on November 4, 2012;

6.      Steven L. Mcintire, M.D., PhD 11030 White Rock Road, Suite 110
        Rancho Cordova, California 95670

7.      Michael H. Reid, Ph.D., M.D.
        3090 Barberry Lane
        Sacramento, CA 95864

8.      Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Advanced Occupational Health Center
        3375 S. Eastern Avenue, Suite 160
        Las Vegas, NV 89169

9       .Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Diagnostic Imaging of Southern Nevada
        3560 E. Flamingo Road, #100
        Las Vegas, Nevada  89121

10.     Person(s) Most Knowledgeable and/or
        Custodian of Records of
        Las Vegas Radiology
        1342 S. Decatur Blvd.
        Las Vegas, Nevada  89102

11.     Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Hans Jorg Rosler, M.D.
        Nevada Spine Clinic

8930 W. Sunset Rd., Suite 350
Las Vegas, NV 89148

12.     Person(s) Most Knowledgeable and/or
        Custodian of Records of
        Smoke Ranch Surgical Center
        7180 Smoke Ranch Road, Suite 150
        Las Vegas, NV 89128

13.     Person(s) Most Knowledgeable and/or
        Custodian of Records of
        Well Care Pharmacy
        3910 S. Maryland Parkway, Suite C
        Las Vegas, NV 89119

14.     Person(s) Most Knowledgeable and/or
        Custodian of Records of
        Valley Hospital Medical Center
        620 Shadow Lane
        Las Vegas, NV 89106

15.     Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Stuart Kaplan, M.D.
        Western Regional Center for Brain and Spine
        7140 Smoke Ranch Rd.
        Las Vegas, NV 89128

16.     Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        David M. Ross, M.D.
        7140 Smoke Ranch Road
        Las Vegas, NV 89128

17.     Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Mark Kabins, M.D.
        Las Vegas Neurosurgery, Orthopaedics and Rehabilitation, LLP
        501 S. Rancho Drive, Ste. I-67
        Las Vegas, Nevada 89106

18.     Person(s) Most Knowledgeable and/or
        Custodian of Records and/or
        Joseph T. Course, Ph.D.
        Vocational Economics, Inc.
        3960 Howard Hughes Parkway, Suite 500

Las Vegas, Nevada 89169

19.  Person(s) Most Knowledgeable and/or
     Stuart S. Kaplan, M.D., F.A.C.S.
     Western Regional Center for Brain & Spine Surgery of Las Vegas
     3601 S. Maryland Parkway, Ste. 200
     Las Vegas, Nevada 89109

20.  Person(s) Most Knowledgeable and/or
     Las Vegas Paiute Health & Human Services
     1257 Paiute Circle
     Las Vegas, Nevada 89106

21.  Mark Kabins, M.D.
     Las Vegas Neurosurgery, Orthopaedics and Rehabilitation, LLP
     501 S. Rancho Drive, Ste. I-67
     Las Vegas, Nevada 89106

22.  Defendant reserves the right to call at trial any witnesses identified by Plaintiff's disclosures

## IX.

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:

Plaintiff: **July 11, 2016, July 18, 2016**

Defendant: **July 11, 2016, July 18, 2016**

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X.

It is estimated that the trial herein will take a total of 7-10 days, which includes Voir Dire of the perspective jury.

Dated: December 14, 2015

APPROVED AS TO FORM AND CONTENT:
    /s/ Jacqueline R. Bretell             /s/ Jennifer A. Taylor
Attorney for Plaintiff                Attorney for Defendant

# XI.

## ACTION BY THE COURT

The Pretrial Order dated 11/20/15 **[ECF 51]  is VACATED.**

(a)  This case is set down for jury trial on the **August 9, 2016, 9:00 a.m. trial stack**.  **The parties must appear for Calendar Call on August 1, 2016, at 1:30 p.m.**

(b)  No later than **August 1, 2016, at 1:30 p.m.**, each party must submit to the Clerk:

> (1)  An original and two copies of its trial brief;

> (2) An original and two copies of proposed jury instructions and proposed voir dire questions.

(c) **The deadline for filing MOTIONS IN LIMINE is July 1,** 2016.  The process for preparing and filing motions in limine will be governed by the following additional rules and considerations:

> (1)  Before any motion in limine is filed, the parties must meet and confer (by telephone or in person—not merely by email or some other form of writing) about the substance of each contemplated in-limine issue and attempt to reach an agreement on the issue.  Evidentiary agreements reached during this process should be memorialized by a written stipulation.  If the parties do not reach an agreement on an issue and a motion in limine remains necessary, **the motion must be accompanied by a declaration or affidavit certifying that counsel actually conferred in good faith** to resolve the issue before the motion was filed (or re-filed).  The failure to include the certificate of counsel will result in the automatic denial of the motion without the opportunity to cure this deficiency.

> (2)  Motions in limine must address only true evidentiary issues and not be belated motions for dispositive rulings disguised as a motion in limine.

> (3)  Parties **must include all in-limine issues in a SINGLE, omnibus motion** that numbers each issue consecutively; no party may file multiple, separate motions. This format eliminates the need for redundant recitations of facts and introductory statements of the law.  If the size of the omnibus motion exceeds the page limit in the local rule, *see* L.R. 7-4, a separate motion to exceed the page limits should be filed

contemporaneously with the omnibus motion; the motion to exceed page limits must **not** be styled as an "emergency."

(4)  If it becomes necessary to seek leave to file a reply in support of the motions, *see* L.R. 16-3(b), each side may file only a single request for leave.  The parties should not presume that the court will grant these requests for leave, so proposed orders granting them should not be submitted.

(5)  The parties are cautioned that vague requests based on speculative issues, like requests to generally preclude improper attorney arguments, violations of the golden rule, or irrelevant evidence will be flatly denied.  The court intends to follow the rules of evidence and procedure at trial and expects the parties to do the same. Motions seeking little more than an order enforcing a rule waste the court's time and the parties' resources.  Counsel is strongly cautioned that abuse of the motion-in-limine vehicle in this manner may result in sanctions against the attorneys.

This order will govern the trial of this case and may not be amended except by order of the court.

Dated this 15th day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge