**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUZY McCABE, | Case No. 2:14-cv-01987-JAD-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| WAL-MART STORES, INC. | |
| Defendant. | |

This matter is before the Court on Susie McCabe's Motion for Spoliation of Evidence (ECF No. 63), filed on January 20, 2016. The Court also considered Wal-Mart's Response (ECF No. 65), filed February 8, 2016, and McCabe's Reply (ECF No. 67), filed February 18, 2016.

## **BACKGROUND**

On November 3, 2012, McCabe was in the produce aisle of a Wal-Mart grocery store when she allegedly slipped and fell to the ground. According to McCabe, she was helped up by a man after she fell, and the man called a woman who cleaned up the material that caused the slip. Assistant Store Manager Juan Sanchez ("Sanchez") then responded to the incident. McCabe continued to shop for 20 to 30 minutes, and then decided to complete an incident report. The incident report indicated that McCabe fell on some "white creamy looking stuff" that was spilled and that "[a] man came and helped [McCabe] up and he went to get a lady in the store to let her know to clean up the stuff [McCabe] slipped on." (Customer Statement (ECF Nos. 63-1, 65-3).) McCabe provided no names of the witnesses, but believed the lady worked in the store and that the man was a customer. (*Id.*)

Sanchez later reviewed the store video surveillance and determined that there was no footage of the area where the incident occurred, and therefore preserved no video footage. Sanchez took no photographs of the area of the incident and took no witness statements. McCabe moves for sanctions for Wal-Mart's (1) failure to preserve video of the incident, (2) failure to take

photographs of the incident area, and (3) failure to obtain witness statements.

## DISCUSSION

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (9th Cir. 1999). There are two sources of authority under which the Court can sanction a party for spoliation of evidence—its inherent authority or Federal Rule of Civil Procedure 37. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Regardless of whether it is under Rule 37 or its inherent authority, a federal court applies federal law when addressing issues of spoliation of evidence. *See Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993) (applying federal law when addressing spoliation in diversity litigation). Here, McCabe requests that the Court exercise its inherent authority to enter an order for (1) a rebuttable presumption or (2) an adverse inference jury instruction.

The Court has "inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Id.* Such broad power includes permitting an adverse inference from the spoliation of relevant evidence against the spoliating party. *Id.* The adverse inference sanction is based on evidentiary and policy rationales that seek to deter a party who has notice of an item's relevance to litigation from destroying it. *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). Therefore, the duty to preserve begins when a party reasonably should have known that the evidence is relevant to anticipated litigation. *See In re Napster*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). A finding of bad faith is not a prerequisite for an adverse inference. *Glover*, 6 F.3d at 1329. A spoliation remedy, however, requires some degree of culpability. *In re Napster*, 462 F. Supp. 2d at 1067.

Although the Ninth Circuit has approved the use of adverse inferences as sanctions for spoliation of evidence, it has not articulated a precise standard for determining when spoliation sanctions are appropriate. *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012). "Trial courts have widely adopted the Second Circuit's three-part test, which provides that a party seeking an adverse inference instruction based on the destruction of evidence must establish: (1) that the party having control over the evidence had an obligation to preserve it at the time it was

destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* at 989-90 (quotations omitted).

### A. Notice

Wal-Mart argues that it did not have a legal duty to preserve evidence, arguing that although it conducted an investigation of the incident, it was not on notice that McCabe would pursue a claim. The Court is not convinced by this argument. While all slip-and-fall incidents may not result in litigation, the incident report made at the scene by McCabe is sufficient to trigger Wal-Mart's duty to preserve relevant evidence. *Compare Aiello v. Kroger Co.*, No. 2:08-cv-01729-HDM-RJJ, 2010 WL 3522259, *3 (D. Nev. Sept. 1, 2010) (noting completing an accident report was sufficient to put Defendant on notice of potential litigation) *with English v. Walmart*, No. 3:10-cv-00080-ECR-VPC, 2011 WL 3496092 (D. Nev. Aug. 10, 2011) (finding Defendant did not breach its duty to preserve video footage because Plaintiff did not file an accident report at the scene and notice of litigation did not arise until three months later when Plaintiff's attorney requested the video). Here, Wal-Mart was on notice of potential litigation on the day that McCabe filled out an incident report, which was signed by Sanchez. Therefore, Wal-Mart had sufficient notice on the date of the incident that litigation was reasonably foreseeable, thereby triggering the duty to preserve evidence.

### B. Relevance

The parties do not dispute that video footage of the incident would be relevant to this litigation. Indeed, in slip-and-fall cases such as this one, actual or constructive notice of the dangerous condition is relevant to the question of Defendant's liability. Before a court will sanction a party for spoliation of relevant evidence, however, the moving party must demonstrate that relevant evidence existed. *See, e.g., Epstein v. Toys–R–Us Delaware, Inc.*, 277 F. Supp. 2d 1266, 1276–77 (S.D. Fla. 2003) (holding that to prevail on a motion for sanctions for the destruction of a videotape, the moving party must establish facts indicating that the video existed).

Here, the Court understands McCabe to be arguing that Wal-Mart failed to produce any video footage of the incident, either because Wal-Mart failed to preserve or destroyed the video,

which could have shown where the substance came from and who spilled it.[1]  McCabe argues that when an incident occurs, Wal-Mart's policies required that it review surveillance tapes and preserve relevant footage.  Wal-Mart agrees that is its policy, but argues that no video footage was preserved because Sanchez reviewed the video and found that there was no footage of the area where the incident occurred.  Sanchez testified that he did not recall the incident, but that it was his practice after an incident to review surveillance videos and to preserve video which showed the incident.  Because there was no surveillance video preserved in this case, Sanchez concluded that there must not have been any video of the incident.  (*See* Sanchez Dep. (ECF No. 63-2) at 22-23.)

   Although it is undisputed that surveillance video was used at the store, McCabe fails to provide evidence to establish the existence of the evidence it claims was destroyed, that is, a video of the slip and fall itself.  Specifically, McCabe has not presented any evidence to suggest that in that store, on that day, a video surveillance system was in place to record the precise area where the incident occurred.  Nor does McCabe indicate that she requested any other surveillance videos, for example, of adjacent aisles or other pre-incident activities which might be relevant to support her claim.  Wal-Mart's evidence in this regard, that no such surveillance video existed, is therefore uncontradicted.  Without evidence that the sought-after video actually existed, the Court will not sanction Wal-Mart for the failure to preserve it.  *See Epstein*, 277 F. Supp. 2d at 1277.

   McCabe argues that, by its policy, Wal-Mart had a duty to take photographs of the place where the fall occurred.  Wal-Mart responds that its policy requires photographs to be taken when it is appropriate to do so, *see* Management Guidelines (ECF No. 65-5) at 1, and that Sanchez took no picture of the floor because there was nothing on the floor when he arrived at the scene.  Similarly, McCabe argues that, by its policy, Wal-Mart had a duty to collect witness statements regarding the incident.  *Id*.  Wal-mart responds that it did take a statement from McCabe, and there were no other witnesses available when the incident report was made, which McCabe agrees was 20 to 30 minutes after she fell.  Even if other information arguably should have been collected per Wal-

---

[1] McCabe does not indicate how she first made her request for this information, for example, through a request for the production of documents, but Wal-Mart does not indicate that it was unaware of the request.

Mart's policy, McCabe does not present evidence that there was anything on the ground to photograph or that there were any witnesses available at the time McCabe made the written incident report. The Court will not sanction Wal-Mart for failing to collect evidence that McCabe does not establish existed at the time of the report—a matter quite different from the failure to preserve existing evidence.

### C. Culpability

Even if relevant evidence existed, McCabe must prove that Wal-Mart had a culpable state of mind in failing to preserve or in destroying the video surveillance. *See Apple*, 888 F. Supp. 2d at 998; *In re Napster*, 462 F. Supp. 2d at 1078. McCabe seeks a rebuttable presumption or alternatively, an adverse inference jury instruction. To warrant a rebuttable presumption, Wal-Mart must have consciously disregarded its obligation to preserve the video recording. *See Apple*, 888 F. Supp. 2d at 998. McCabe has presented no evidence to support the notion that Wal-Mart consciously disregarded its obligation to preserve the video or willfully destroyed the video. Moreover, Sanchez prepared an incident report, preserved McCabe's statement, and reviewed the available video surveillance as he was required to do, but was unable to locate a record of the incident. These are not actions consistent with Wal-Mart acting in a negligent or reckless manner that would warrant an adverse inference jury instruction. *See Med. Lab. Mgmt. Consultants v. ABC*, 306 F.3d 806, 824 (9th Cir. 2002) (stating that "[w]hen relevant evidence is lost accidentally or for an innocent reason, an adverse evidentiary inference from the loss may be rejected.") As a result, McCabe has not carried her burden of demonstrating that Wal-Mart failed to preserve video surveillance with a culpable state of mind.[2]

Finally, the Court notes that McCabe's ability to bring this action is not damaged. The destruction of video which did not show the incident does not prejudice McCabe's ability to prosecute this action—she clearly made an incident report, obtained medical care afterwards, and can testify in detail regarding the incident.

---

[2] Additionally, McCabe did not report the incident until 20-30 minutes had passed. The failure to take photographs of the incident area after it had been cleaned up, or to obtain witness statements who were not identified, do not demonstrate culpability by Wal-Mart.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Spoliation of Evidence (ECF No. 63) is **denied.**

**IT IS FURTHER ORDERED** that the hearing on this motion set for March 3, 2016, at 9:00 a.m. is VACATED.

DATED: February 22, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**